ALVAH PARKS, PLAINTIFF-RESPONDENT, v. THE DELA-
WARE, LACKAWANNA AND WESTERN RAILROAD
COMPANY, DEFENDANT-APPELLANT.

Submitted December 5, 1913—Decided March 11, 1914.

1. Where, in an action against a railroad company by a cripple,
whose gait gave him the appearance of being under the influence
of liquor, for being denied admission to a day coach by the con-
ductor, and who, by the conductor's direction, was compelled by
the use of force to enter and ride in a smoker, the plaintiff testi-
fied that he told the conductor that he was not intoxicated but
that ne was a cripple, questions put to plaintiff on cross-exami-
nation whether prior to this time he had not continuously been
taken as being under the influence of liquor were properly
excluded.

2. It is no legal excuse to an action for assault and battery and
false imprisonment against a common carrier, for denying a
cripple to ride in a day coach and forcing him to enter and ride
in a smoker, that his appearance created the impression that he
was under the influence of intoxicants, no reasonable care having
been exercised by the company's servants to determine whether
he was in fact intoxicated.

3. A common carrier may not refuse to carry an intoxicated person
under every circumstance, the carrier being required to carry him
without discrimination if the intoxication is not to such an ex-
tent as to make his presence in the coach offensive and objection-
able to other passengers, or to substantially interfere with their
comfort.

4. Where it appeared, by the undisputed testimony, that after the
plaintiff was forced into the smoker, the conductor came in and
apologized to him for excluding him from the day coach, and
that a few minutes thereafter the plaintiff left the smoker and
went into the day coach, a question to the plaintiff, on cross-
examination, how long the plaintiff remained in the smoker after
the conductor left it, there being no testimony that the plaintiff
either saw the conductor leave the car or knew that he had, was
properly overruled.

5. Whether the conductor, in excluding the plaintiff from the day
coach because he believed that the plaintiff was under the influ-
ence of intoxicants, used reasonable care to ascertain whether
the plaintiff was really intoxicated, was a jury question.

On appeal from Hudson Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the appellant, *Frederic B. Scott.*

For the respondent, *Richard Doherty.*

The opinion of the court was delivered by

KALISCH, J.   The appeal is from a judgment against the appellant on a verdict recovered by the respondent against it, in the Hudson circuit, in an action for assault and battery and false imprisonment.

The plaintiff was a cripple who had been afflicted from birth with partial paralysis which prevented him from having the proper use and control of his muscles.   He had a ticket which entitled him to ride as a passenger on defendant company's train from Andover to Jersey City.   From his version of the affair upon which his action against the defendant company was predicated it appears that he was about to board a passenger coach of the defendant company at Andover to go to Jersey City, when he was halted by the conductor who refused him admission to the car, giving as his reasons that he, the plaintiff, was not in a fit condition to enter it, and at the same time directed him to go down to the other car, which proved to be a smoker, and while the plaintiff was on his way to the other car he heard the conductor remark: "Put this fellow on the smoker."   The plaintiff walked to the rear end of the passenger coach to which he had been refused admission and walked up the steps, but no sooner was he upon the platform than he was seized from behind by a brakeman, who put his hands on his shoulders and refused to let him enter the passenger coach, and when told by the plaintiff that he had a ticket and was not intoxicated but a cripple and wanted to know why he could not enter the passenger coach, he received the reply: "Well, the conductor says you cannot go in there."   The brakeman with his hands still upon the plaintiff's shoulders then forced him

across the platform into the smoker and as far as the second seat before he released him.

The defendant company in its answer admitted that it, by its servants, took hold of the plaintiff and put him in the smoking car and attempted to justify this conduct by alleging that the plaintiff appeared to the servants of the defendant company to be under the influence of liquor, and in order to protect other passengers in the passenger coach he was put in the smoking car.

The insufficiency of this plea was not discussed in the court below. The record shows that the case was tried out on the issue whether the defendant company had exercised a reasonable degree of diligence to ascertain whether the plaintiff was drunk or laboring under a physical infirmity before forcing him into the smoking car.

As a first reason for a reversal of the judgment, the appellant urges that the court erred in overruling the following questions put to the plaintiff, on cross-examination: "And did you tell Mr. Bailey that you were continually being taken for a drunken man? And did you make a similar remark to Mr. Tompkins? And was it not a fact that you had continuously been taken for being under the influence of liquor prior to the time in question?"

The appellant claims that this inquiry into the plaintiff's knowledge of the impression his physical appearance made upon the minds of other persons was material and relevant to the issue. But this has not been made plain to us. The important inquiry was: What impression did the plaintiff's appearance make upon the mind of the conductor at the time he attempted to board the car? The conductor testified that he believed the plaintiff was at the time under the influence of liquor, and that was not controverted but rather confirmed by what the plaintiff himself related regarding the occurrence. He says he told the conductor that he was not intoxicated, but was a cripple. This of itself implied that the plaintiff was conscious that his physical appearance created the impression upon the conductor's mind that he was under the influence of liquor when he was actually not. It

was therefore wholly unimportant and immaterial what impression he thought his physical appearance created upon the minds of other persons. Furthermore, the jury had a view of the plaintiff during the trial, and what his physical appearance indicated was a matter open to their observation. But even though his appearance created the impression that he was under the influence of liquor it afforded no legal excuse for the treatment he received at the hands of the defendant company's servants.

Whether an intoxicated person is entitled to be carried in a passenger coach or be not received at all will vary with varying circumstances.

If intoxication is not to such an extent as to make the person's presence disgusting and objectionable to other travelers or such as to substantially interfere with the comfort of passengers, then it seems he cannot be discriminated against. 4 *Ell. Rail.* 2455.

It is further claimed by the appellant that the court erred in overruling the question: "How long after the conductor left did you stay and remain in the car?" This question manifestly assumes· that the plaintiff remained in the car after the conductor left it, and also that the plaintiff saw the conductor leave the car, whereas the undisputed testimony relating to the matter was to the effect that the plaintiff left the car a few moments after the conductor came in and apologized to him for the treatment he had received. The question was properly overruled.

The court, after charging the jury that the defendant company had a right to refuse to receive the plaintiff as a passenger if it had reason to believe that he was intoxicated and was going to be offensive, said: "Now, that is a question for you gentlemen to say whether the conductor was exercising a reasonable degree of care in ascertaining whether the man was drunk or whether he was merely a cripple, and if he was merely a cripple he had no right to refuse to let him go into the ordinary passenger coach where he intended to go."

There was testimony adduced by the plaintiff that tended to show that the plaintiff explained to the conductor that he

was not intoxicated and his appearance was due to a physical infirmity. The conductor testified that from the manner in which the plaintiff was stooped over and walking he concluded that he was drunk and ordered him to be put into the smoking car. It does not appear that he made any attempt to ascertain whether the plaintiff was drunk or sober. He denies that the plaintiff told him he was a cripple. Of course, this bore on the question whether he had used reasonable care to ascertain the plaintiff's condition when he ordered him to be put in the smoker and was properly for the jury to determine.

The appellant took no exception to the judge's charge, but makes the claim that the court erred in refusing to charge certain of appellant's requests which, upon examination, show that they, besides containing purely abstract legal propositions, were postulated on variant conditions (some clearly speculative) which did not include all the circumstances which should influence the conclusions of a jury.

Furthermore, from an examination of the charge, it appears that the legal rule pertinent to the facts of the case was properly laid down, and that was all the court was under any obligation to do. Hence it was not error for the court to refuse to charge appellant's requests. *Cons. Tract. Co.* v. *Chenowith,* 32 *Vroom* 554.

Judgment will be affirmed.